UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10065-MLW

UNITED STATES OF AMERICA

v.

CLARENCE L. EARLE
a/k/a ERIC ALLEN
a/k/a LEMONT TIPPET
a/k/a THEODORE WILSON
a/k/a ROBERT PREVAL

# MEMORANDUM AND ORDER ON
# GOVERNMENT'S MOTION FOR DETENTION

March 17, 2004

DEIN, M.J.

## I. GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in an indictment with illegal reentry of a deported alien in violation of 8 U.S.C. § 1326.  The government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(A), claiming that there was "a serious risk that [the defendant] will flee."  A detention hearing was held on March 17, 2004, at which time the defendant was represented by counsel.  For the reasons detailed herein, this court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's appearance as required, and that detention is appropriate under 18 U.S.C. § 3142(f)(2)(A).

## II. THE BAIL REFORM ACT

A.  Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.  The government is entitled to move for detention on grounds of danger to the community in a case that –

    (1)  involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

    (2)  involves an offense punishable by death or life imprisonment;

  (3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; <u>or</u>

  (4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. <u>See</u> 18 U.S.C. § 3142(f).

 C. In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

  (1) the nature and circumstances of the offense charged, including whether the offense is a

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. <u>See</u> <u>United States v. Moss</u>, 887 F.2d 333, 336-37 (1st Cir. 1989).

        crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the accused;

(3)     the history and characteristics of the person, including --

    (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (b) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).[2]

## III. DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited. Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the defendant's presence at trial.

---

[2] No rebuttable presumptions under 18 U.S.C. § 3142(g) apply in this case.

### A. The Offense Charged And Weight Of The Evidence

The defendant is charged with illegal reentry of a deported alien, and the evidence against him is strong. Briefly, the defendant was deported in January 1991, after having been arrested using the name Eric Allen. At the time of deportation, he was fingerprinted. The defendant re-entered the United States illegally in 1992, and served an 8 month sentence. He was deported again in July 2002, at which time he was again fingerprinted. While the defendant was using a different name, his fingerprints matched the ones taken in 1992. The defendant apparently reentered the United States illegally again. He was arrested in November 2003 on an outstanding warrant for a drug charge in Dorchester District Court. At that time, he was using the name Theodore Wilson. He admitted that he had been deported before. He had an American birth certificate in the name of Theodore Wilson. However, his fingerprints match those of the individual deported in 1991 and 2002.

### B. History And Characteristics Of The Defendant

BICE records indicate that the defendant Clarence Earle was born on October 29, 1967 in Jamaica. He has used numerous alias identities. The defendant has an extensive criminal record beginning in 1992, including convictions for possession of a firearm, assault and battery with a dangerous weapon, operating to endanger, and possession and distribution of a Class D controlled substance. He has been incarcerated on various occasions. There are various drug-related charges presently pending against the defendant in the Dorchester District Court. His record is replete with defaults.

### C. Risk of Flight

This court concludes that the government has proved by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings. The defendant has used various aliases and has used a false birth certificate. He faces a lengthy jail sentence followed by deportation. Given the strength of the evidence against the defendant, the defendant's inability to be gainfully employed, his failure to comply with the law despite repeated convictions and the number of defaults on his record, the risk of flight is very high.

## IV. ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

_/ s / Judith Gail Dein_

Judith Gail Dein
United States Magistrate Judge