UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-10065-MLW |
| | ) | |
| CLARENCE EARLE | ) | |

**GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS**

Defendant Clarence Earle has moved this Honorable Court to suppress two statements, an inculpatory statement made to Special Agent Eric LaForte following Earle's arrest by the Boston Police Department on November 6, 2003 on unrelated criminal charges, and a false exculpatory statement made to Immigration Agent Richard Coleman on February 12, 2004 following the defendant's arrest for civil deportation proceedings.  Earle's basis for making this claim is that, according to Earle, he was not provided the warnings required by Miranda v. Arizona, 384 U.S. 436, 479 (1966), prior to either statement.

Contrary to the claim made in Defendant's Affidavit, defendant was given his Miranda warnings prior to be questioned by Special Agent LaForte.  In fact, immediately before he spoke with Special Agent LaForte, Earle was read his rights by an officer of the Boston Police Department.  Indeed, before they questioning him, the federal agents confirmed with the defendant that he had been read his rights and that he understood them.  For this reason, defendant motion to suppress the November 6, 2003 statement should be denied.

The defendant also contests the admissibility of the false exculpatory statement he made on February 12, 2004, on the grounds that he was not given his Miranda warnings.  The government concedes that the defendant was not given his Miranda warnings prior to the February 12, 2004 statement.  The government believes that this statement is admissible because

it was made spontaneously by the defendant, and not in response to interrogation. See, e.g. United States v. Taylor, 985 F.2d 3 (1st Cir. 1993); United States v. Conley, 156 F.3d 78 (1st Cir. 1998); Andersen v. Thieret, 903 F.2d 526 (7th Cir. 1990); and United States v. Rhodes, 779 F.2d 1019 (4th Cir. 1985). Nevertheless, in an effort to save prosecutorial, judicial, and appellate resources, the government has decided not to contest the defendant's assertion that this false exculpatory statement is not admissible in its case in chief. Instead, the government intends to dismiss Count 2 of the Indictment pursuant to Federal Rule of Criminal Procedure 48(a), and will refrain from using this statement in its case in chief. The government reserves the right to use this statement in cross-examination of the defendant or in rebuttal if the defendant testifies in a manner that is inconsistent with this prior statement. See, e.g., Oregon v. Hass, 420 U.S. 714, 723-24 (1975) and Harris v. New York, 401 U.S. 222, 226 (1971).

## Conclusion

For these reasons, the United States asks this Court to deny Defendant's Motion to suppress the defendant's November 6, 2003 statement.

       Respectfully submitted,

       MICHAEL J. SULLIVAN
       United States Attorney

       By:    /s/ Seth P. Berman
              SETH P. BERMAN
              Assistant U.S. Attorney

Dated:      August 12, 2005

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Charles Rankin
Rankin and Sultan
One Commercial Wharf North
Boston, MA 02110

This 12th day of August 2005.

/s/ Seth P. Berman
Seth P. Berman
ASSISTANT U.S. ATTORNEY