UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____

No. 04-CR-10065-MLW

_____

UNITED STATES

v.

CLARENCE EARLE

_____

**DEFENDANT'S MOTION FOR AN ADDITIONAL
TWO WEEKS TO CONSIDER FILING
MOTION TO DISMISS**

The defendant Clarence Earle, aka Theodore Wilson, moves the Court for leave to have an additional two weeks to consider filing a motion to dismiss Count 1 on the indictment.  In support of this motion, the defendant states:

1.    On August 15, 2005, the Assistant U.S. Attorney furnished defendant's counsel with a Boston Police Department Miranda form that was allegedly signed by the defendant on November 6, 2003, following the defendant's arrest by Boston Police Officers and Immigration and Customs Enforcement agents.  That document had not previously been disclosed to the defendant or his counsel, notwithstanding the fact that Rule 16 and the Local Rules clearly required its production.

2.    During a telephone conversation with defense counsel on August 16, 2005, the Assistant U.S. Attorney for the first time informed counsel that the defendant had been interrogated by Immigration and Customs Enforcement agent Coleman at some time between November 6, 2003 and February 12, 2004.  According to the Assistant U.S. Attorney, Agent Coleman

interviewed the defendant, probably in December 2003, in connection with efforts by ICE to deport the defendant.  As a result of that interview, agent Coleman ordered the defendant's "A" file.  ICE had trouble locating the "A" file, and it was not received in Boston until the time the defendant was taken into ICE custody on February 12, 2004.  During the telephone conversation with defense counsel, the Assistant U.S. Attorney disclosed additional statements that had allegedly been made by the defendant on February 12.

3.      In light of these new disclosures, the defendant wishes to examine whether a motion to dismiss should be filed for (1) misuse of ICE's civil arrest power in order to delay bringing criminal charges in federal court; (2) discovery violations.

4.      The defendant has been unable to fully consider the implications of these disclosures in the short time since they were made.  Counsel had to travel to Plymouth to share the new information with defendant on August 17, and wishes to confer further with the defendant about the best course of action.

Respectfully submitted
The defendant Clarence Earle
By his attorney

/s/      Charles W. Rankin
_____
Charles W. Rankin
BBO 411780
Rankin & Sultan
1 Commercial Wharf North
Boston, MA  02110
(617) 720-0011

2