UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No. 04-cr-10065 MLW** |
| ) | |
| **CLARENCE L. EARLE** ) | |
| **a/k/a ERIC ALLEN** ) | |
| **a/k/a LEMONT TIPPET** ) | |
| **a/k/a THEODORE WILSON** ) | |
| **a/k/a ROBERT PREVAL** ) | |

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its

attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth

P. Berman, hereby submits its request for jury instructions in the above-captioned matter.  The

government reserves the right to supplement, modify, or withdraw these instructions in light of

the defendant's requested instructions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Seth P. Berman
SETH P. BERMAN
Assistant U.S. Attorney

Dated:   September 16, 2005

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the

foregoing document by depositing in the United States mail a copy of same in an envelope

bearing sufficient postage for delivery:

Charles Rankin<br>
Rankin and Sultan<br>
One Commercial Wharf North<br>
Boston, MA 02110

This 16th  day of September 2005.


<u>/s/ Seth P. Berman</u><br>
SETH P. BERMAN<br>
Assistant U.S. Attorney

**TABLE OF CONTENTS**

INSTRUCTION NO.          DESCRIPTION


1                        THE STATUTE

2                        ELEMENTS OF ILLEGAL RE-ENTRY STATUTE

3                        DEFINITION - ALIEN

4                        INTENT

5                        BEING "FOUND" IN THE UNITED STATES

6                        DEPORTATION

**JURY INSTRUCTION NO. 1**
**Title 8, United States Code, §1326(A) - THE STATUTE**

Title 8, United States Code, Section 1326(a), reads, in pertinent part:

Any alien who has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter, enters, attempts to enter, or is at any time found, in the United States, unless prior to his re-embarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission ... [shall be guilty of a violation of this statute].

**JURY INSTRUCTION NO. 2**
**ELEMENTS OF ILLEGAL RE-ENTRY STATUTE**

For you to find the defendant guilty of this crime, you must find that the government has proved each of the following elements of the offense beyond a reasonable doubt:

First: That the Defendant was an alien at the time alleged in the indictment;

Second: That the Defendant had previously been deported from the United States;

Third: That the Defendant thereafter was found to be in the United States; and

Fourth: That the Defendant had not received the express consent of either the Attorney General of the United States to apply for readmission to the United States prior March 1, 2003, or the express permission of the Secretary of the Department of Homeland Security on or after March 1, 2003.

**JURY INSTRUCTION NO. 3**
**DEFINITION - ALIEN**


The term "alien," as used in these instructions, means any person who is not a citizen or

national of the United States.

Federal Jury Practice And Instructions (Criminal),
Kevin F. O'Malley, Jay E. Grenig, and Hon. William C.
Lee, § 61.10 "Alien"--Defined

**JURY INSTRUCTION NO. 4**
**INTENT**


     Specific intent is not an element of the unlawful reentry offense.  The government need

not prove that the defendant knew he was not entitled to reenter the country without the Attorney

General's or the Secretary of the Department of Homeland Security's permission.

      The government must show that the defendant had the general intent to reenter, that is,

that he entered or is present in the United States voluntarily.

     *See* United States v. Ortegon-Uvalde, 179 F.3d 956 (5th Cir.1999); United States v. Trevino-Martinez, 86 F.3d 65 (5th Cir.1996), cert. denied, 117 S.Ct. 1109. United States v. Hussein, 675 F.2d 114, 115-116 (6th Cir.1982), cert. denied, 459 U.S. 869, 103 S.Ct. 154, 74 L.Ed.2d 129 (1982).

**JURY INSTRUCTION NO. 5**
**BEING "FOUND" IN THE UNITED STATES**


      The government must prove that the Defendant was found in the United States; that is, that he is physically present in the United States.  The government does not need to prove how the Defendant entered the United States.

## JURY INSTRUCTION NO. 6
## DEPORTATION

The government must prove that the Defendant was previously deported. With regard to the element of prior deportation, the government merely needs to prove that a deportation proceeding actually occurred and that the end result was that the Defendant was, in fact, deported.