UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 04-cr-10065 MLW |
| CLARENCE L. EARLE<br>a/k/a ERIC ALLEN<br>a/k/a LEMONT TIPPET<br>a/k/a THEODORE WILSON<br>a/k/a ROBERT PREVAL | ) ) ) ) ) ) ) | |

**GOVERNMENT'S SECOND TRIAL BRIEF**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, respectfully submits this trial brief to assist the Court during the upcoming trial of the above-captioned matter, which is scheduled for October 31, 2005. The trial is expected to last for approximately four days. The defendant is represented by Charles Rankin, Esq.

There are no outstanding discovery issues.

Summary of Facts

On March 10, 2004, a grand jury sitting in this district returned a one count Indictment charging Clarence Earle (hereinafter "defendant") with Unlawful Reentry of a Deported Alien, in violation of Title 18, United States Code, Section 1326.[1]

---

[1] This indictment was subsequently superceded with an indictment that added a second count charging the defendant with Making False Statements to Federal Agents in violation of 18 U.S.C. § 1001. However, this second count was subsequently dismissed, leaving a one count Superseding Indictment that is identical to the original indictment.

The defendant's Alien File (hereinafter "A-file") indicates that he has been deported from the United States on at least two occasions since 1990. According to the A-file, the defendant's first statement under oath to United States Immigration authorities occurred on January 25, 1990, when he completed a written affidavit stating that he was a native of Jamaica and that he had entered the United States illegally in 1986 by stowing away on a passenger ship and avoiding immigration authorities. On February 22, 1990, the defendant, using the name Clarence Earle, admitted under oath in front an Immigration Judge that he was a deportable alien and that he was from Jamaica. On May 23, 1990, the defendant, using the name Clarence L. Earle, pled guilty to one count of being an Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(5) before the Hon. Jim R. Carrigan in the United States District Court for the District of Colorado. The defendant was then deported from Miami on January 3, 1991.

Defendant next came in contact with United States Immigration authorities on September 26, 1992 at the Lewiston Bridge border crossing near Buffalo, New York. At that time, defendant, using the name Lamont Tippett, claimed that he was an American citizen by virtue of birth in Philadelphia on March 22, 1966. A fingerprint check ultimately revealed that he was the same person who had previously been deported under the name Clarence L. Earle. Consequently, the defendant was arrested for Attempted Illegal Reentry of a Removed Alien in violation of 18 U.S.C. § 1326. On or about January 12, 1993, by written plea agreement and under oath in court, the defendant stated that he was in fact an illegal alien, that he was born in Jamaica, that his true name was Eric Allen, and that he had attempted to enter the United States illegally on September 26, 1992. The defendant was found guilty of these charges and sentenced to a term of imprisonment on March 30, 1993 before the Honorable William M. Skretny, United

States District Judge for the Western District of New York.

After completing his sentence for the Western District of New York case, the defendant was not removed from the United States, apparently due to a bureaucratic mistake. Instead, the defendant remained here. On February 3, 1998, the defendant was convicted of Distribution of a Controlled Substance and Assault and Battery with a Dangerous Weapon in Dorchester District Court in Massachusetts. After this conviction, on July 10, 2002, defendant was again deported from the United States.

The defendant returned to the United States shortly thereafter, and was arrested in November 2003 on a state court warrant stemming from drug distribution charges. At this time the defendant was using the name Theodore Wilson. During the course of this arrest, the defendant waived his Miranda rights and agreed to speak with Immigration and Customs Enforcement Special Agent Eric Laforte and other agents, who were investigating the activities of a Jamaican drug smuggling ring. During the course of this interview, the defendant stated that his real name was Eric Allen, that his actual date of birth was July 20, 1968, and that he had been born in Montego Bay, Jamaica. Defendant admitted that he had been deported several times, including one deportation from Denver in 1990 or 1991 after he was charged with possession of firearms, and one from Boston in 2001-2002. He then admitted that he illegally reentered the United States shortly thereafter by paying a cruise ship employee to allow the defendant to stow away aboard a cruise ship, and used the employee's identification to get past customs and immigration authorities. This statement is currently subject to the defendant's Motion to Suppress, a hearing on which is scheduled for October 7, 2005.

ANTICIPATED EVIDENCE AT TRIAL

    A.  ICE A-file Documents:

The Immigration and Customs Enforcement ("ICE") case agent and keeper of records will testify that ICE maintains records of aliens in "A-files." An A-file is the official ICE repository for proceedings and/or contacts that an alien has with ICE as well as other state and federal law enforcement agencies. Prior official ICE records contained within the A-file are records of the defendant's deportation such as the "Warrant of Deportation,", the "Order to Show Cause," the "Reinstatement of Prior Order of Deportation," and the "Order of the Immigration Judge". As is detailed in the Government's Motion in Limine, the Government will seek to introduce some or all of these documents. The testimony of the ICE employees will indicate that these documents were contained in the defendant's A-file and have been so certified by the ICE district director.

    B.  Records of Prior Guilty Pleas Relating to the Charges in the Instant Indictment:

The Government will also seek to admit a certified copy of the May 22, 1990 Plea Agreement signed by the defendant in the Colorado case. In that case, the defendant pled guilty to Possession of a Firearm by an Illegal Alien in violation of 18 U.S.C. § 922(g)(5). The relevant language of the plea agreement states, "The parties stipulate that at trial the government's evidence would show the following: On January 24, 1990, Clarence Earle, a Jamaican citizen who was in the United States illegally, was arrested on an INS warrant charging him with entering the U.S. without inspection." In addition to this language in the plea agreement, the Government will seek to introduce the "Judgement in a Criminal Case" issued by the District of Colorado Court in relation to this matter.

The Government will also seek to admit the certified copy of the January 12, 1993 Plea Agreement signed by the defendant using the name "Eric Allen" in the Western District of New York.  In that case, defendant pled guilty to Attempted Illegal Reentry Into the United States by an Alien Previously Deported After Being Convicted of a Felony in violation of 18 U.S.C. § 1326(b)(1).  The relevant language of the plea agreement states, "The defendant and the Government agree to the following factual basis for the plea: On September 24, 1992, in the Western District of New York, the defendant, Eric Allen, did ... attempt to enter the United States at Lewiston, New York claiming to be a United States citizen by presenting a Massachusetts identification card bearing the name of Lamont Tippett....  The defendant was revealed to be Eric Allen ... on January 3, 1992 he had been deported to Jamaica from Miami, Florida."   In addition to this language in the plea agreement, the Government will seek to introduce the "Judgement in a Criminal Case" issued by the Western District of New York Court in relation to this matter.

The purpose of introducing these two plea agreements and two documents, each entitled "Judgement in a Criminal Case," would be to demonstrate the defendant's alienage.  The Government believes that this Court could issue a limiting instruction to the jurors that they consider the prior judgment only for the purposes of establishing the defendant's alien status at the time of those judgments.  See United States v. Bejar-Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980).

   C.  Fingerprint Records and Analysis:

The ICE agent who took the defendant's fingerprints after the defendant's most recent arrest will testify that the defendant is the person whose prints he took on that date.  The

Government will then present the testimony of a Fingerprint Examiner to offer his or her expert opinion as to whether or not the prints that were taken by the ICE agent on the date of the defendant's most recent arrest are a match to the prints taken at the time of the defendant's prior deportations (January 4, 1991 and July 10, 2002), as well as whether the prints taken on the dates of the arrests that led to the prior criminal convictions noted above are a match to the prints taken at the time of the defendant's most recent arrest.

D.  Evidence of Place of Defendant's Birth:

The Government will establish the defendant's place of birth by demonstrating that he has previously stated that he was born in Jamaica.  Indeed, the evidence will show that the defendant has stated on numerous occasions that he was born in Jamaica, including during the course of his prior deportation proceedings, during the course of his prior criminal cases, and more recently to Special Agent Eric Laforte and others.

E. Proof of Deportation:

The defendant's prior deportations (January 4, 1991 and July 10, 2002), both from Miami, will be established by each of the two associated "Warrant(s) of Deportation".  The defendant's deportations were both witnessed by INS personnel, and the defendant's signature and print appears on both of the two Warrants of Deportation.   See, United States v.Loyola-Dominguez, 125 F.3d 1315, 1318 (9th Cir. 1997) (the Warrant of Deportation, Order of the Immigration Judge, and Order to Show Cause, are documents from the A-file and are public records within the meaning of Fed. R. Evid. 803(8)); United States v. Sotello, 109 F.3d 1446, 1449 (9th Cir. 1997).  United States v. Contreras, 63 F. 3d 852, 857 (9th Cir. 1995) (the defendant's deportation was witnessed by INS personnel and the defendant's signature and print

appeared on the Warrant of Deportation).

     F. Found in the U.S. Without Permission to Re-enter:

The Government must prove that the person before the Court at trial is the same person who was previously deported. To demonstrate this, the Government will offer the testimony of the fingerprint examiner that the person who was deported previously is one and the same as the person now before the Court. Thus, identity should be established.

Further, the Warrant of Deportation includes a photographic image of the person deported on January 4, 1991 and July 10, 2002, whom the Government says was and is the same person as the defendant. As lay persons, the jurors are qualified to look at the image and compare it to the person in front of them in the courtroom and, thus, aid in forming their own judgments as to identity.

The Government must also prove that the defendant re-entered without having first obtained the permission to reenter of the Attorney General of the United States (if prior to March 1, 2003) or the Secretary of the Department of Homeland Security (if on or after March 1, 2003). To prove this element, the Government will seek to introduce a "Certificate of Non-Existence of a Record," which would indicate that the defendant had not at any point sought or been granted permission to reenter the United States (the rationale and testimony being that if such permission had been sought, it would be indicated in the A-file). This certified record will indicate that a diligent search of ICE records has been made and that no record or entry can be found indicating that the defendant sought (and was granted) permission to re-enter the United States (Fed. R. Evid. 803(10)). The primary agent or keeper of records will also attest that he/she has diligently searched the A-file and that there are no documents indicating that the defendant sought

permission (and was granted permission) to re-enter the U.S.

The Government will also offer the defendant's statements to Special Agent Eric Laforte in which he admitted that he reentered the United States illegally, and described how he committed this crime.

## POSSIBLE REBUTTAL EVIDENCE

Since his arrest in February 2004, the defendant has maintained that he is not an illegal immigrant. Instead, he claims that his name is Theodore Wilson and that he was born in Philadelphia. As proof of this claim, defendant told immigration officers to contact his girlfriend, who at the defendant's request provided the officers with a Pennsylvania birth certificate and Massachusetts identification card in the name of Theodore Wilson. She also told the agents that this birth certificate was not really the defendant's, and that the defendant was not a United States citizen.

Though defendant denied to the immigration agents that he was an illegal alien, he admitted that the he had been deported to Jamaica in the past, as is detailed in his A-File. Defendant asserted that he had allowed himself to be deported to Jamaica despite the fact that he was a U.S. citizen because he wanted a free vacation to Jamaica.

The Government does not intend to offer evidence of this statement in its case-in-chief. However, if the defendant testifies or otherwise presents a case, the Government may seek to introduce this statement in its rebuttal case. Moreover, the Government may seek to introduce evidence that Theodore Wilson, whose birth certificate defendant has claimed as his own, is a real person who is currently incarcerated in Pennsylvania. This evidence may include the complete record from the Pennsylvania Department of Health regarding Theodore Wilson's birth

certificate, which includes Mr. Wilson's father's and mother's names. This document would be offered as a public record, a record of vital statistics, and a self-authenticating document pursuant to Fed. R. Evid. 803(8), 803(9), 901(1) and 901(4). The Government may also offer the testimony of the real Theodore Wilson's sister, a Philadelphia police officer. If called, she will testify that the defendant is not her brother, Theodore Wilson.

## EVIDENTIARY ISSUES

Most of the evidentiary issues relating to this case are detailed in the Memorandum in Support of the Government's Motion In Limine, which is also filed today, and is incorporated herein by reference.

The admissibility of the defendant's November 2003 statements to Special Agent Eric Laforte and others will be determined by this Court after the October 7, 2005 hearing on the defendant's Motion to Suppress.

To date, the defendant has not challenged the voluntariness of the February 2004 statement that defendant made to immigration agents regarding his claim to be a U.S. citizen and his admission that nevertheless he had previously been deported, as detailed in his A-file.

                                                  Respectfully submitted,

                                                  MICHAEL J. SULLIVAN
                                                  United States Attorney

                                      By:    /s/ Seth P. Berman
                                                 SETH P. BERMAN
                                                 Assistant U.S. Attorney

Dated:        September 16, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Charles Rankin
Rankin and Sultan
One Commercial Wharf North
Boston, MA 02110

This 16th day of September, 2005.

/s/ Seth P. Berman
SETH P. BERMAN
Assistant U.S. Attorney