UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 04-cr-10065 MLW |
| CLARENCE L. EARLE<br>a/k/a ERIC ALLEN<br>a/k/a LEMONT TIPPET<br>a/k/a THEODORE WILSON<br>a/k/a ROBERT PREVAL | ) ) ) ) ) ) | |

**GOVERNMENT'S MOTION IN LIMINE**

The Government respectfully request that this Court enter an order that the documents listed below shall be conditionally admitted in the trial of this matter. The issues concerning the admissibility of these documents is grounded in legal arguments, most appropriately dealt with prior to the presentation of evidence at trial.

**I.    List of Relevant Documents:**

    1.    "Warrant for Deportation" (January 3, 1991) (includes right thumb print)

    2.    "Warning for Person Ordered Removed or Deported" (August 21, 2001)

    3.    "Warrant of Removal/Deportation" (August 21, 2001 and July 10, 2002)

    4.    "Notice of Intent / Decision to Reinstate Prior Order," April. 12, 2001 by Bruce Chadbourne

    5.    "Notice of Intent / Decision to Reinstate Prior Order," February 12, 2004 by Paul Sterling

    6.    Itinerary from Denver to Jamaica via Miami for Clarence Earle, January 3, 1991

    7.    Record of Persons/Property Transferred, January 3, 1991

8.  Jamaican Emergency Certificate to Facilitate Travel (March 5, 2002)

9.  Full Fingerprint Card taken on February 13, 2004, by Special Agent William Sansone

10. Full Fingerprint Card taken on September 24, 1992, during defendant's arrest in the Western District of New York for Attempted Illegal Reentry

11. Full Fingerprint Card taken on January 25, 1990, after defendant's arrest in the District of Colorado

12. Affidavit of Clarence Lynnal Earle, Janaury 25, 1990

13. Transcript of Deportation Hearing, Matter of Clarence Linval Earle, February 12-22, 1990

14. Certificate of Nonexistence of Record (February 24, 2004)

15. "Judgement Including Sentence", United States v. Clarence Lynval Earle, 90-cr-109, United States District Court for the District of Colorado

16. Plea Agreement, United States v. Clarence Lynval Earle, 90-cr-109, United States District Court for the District of Colorado

17. "Judgement in a Criminal Case", United States v. Eric Allen, 92-cr-00239, United States District Court for the Western District of New York

18. Plea Agreement, United States v. Eric Allen, 92-cr-00239, United States District Court for the Western District of New York

19. Transcript of Plea, United States v. Eric Allen, 92-cr-00239, United States District Court for the Western District of New York

## II. CHARGES AND ELEMENTS

Defendant is charged with a single count of Unlawful Reentry of a Deported Alien, in violation of Title 8, United States Code, Section 1326(a) and (b). In order to prove this charge, the Government must prove each of the following four elements:

First:   That the Defendant was an alien at the time alleged in the indictment;

Second:   That the Defendant had previously been deported from the United States;

Third:   That the Defendant thereafter was found to be in the United States; and

Fourth:   That the Defendant had not received the express consent of either the Attorney General of the United States to apply for readmission to the United States prior March 1, 2003, or the express permission of the Secretary of the Department of Homeland Security on or after March 1, 2003.

See, United States v. Scantleberry-Frank, 158 F.3d 612, 616 (1st Cir. 1998) and United States v. Melendez-Torres, 2005 WL 2037351 (1st Cir. Aug. 25, 2005); United States v. Cordoza-Estrada, 385 F.3d 56 (1st Cir. 2004); United States v. Gomez-Estrada, 273 F.3d 400 (1st Cir. 2001).

## III. ARGUMENT

Each of the documents listed above is included in the defendant's Alien File (hereinafter "A-file"), which is the official government repository for all known contacts that an alien has had with the Immigration and Naturalization Service ("INS") and its successor agencies as well

as other state and federal law enforcement agencies.[1]  According to the information contained in the A-File, specifically as related to documents numbered 1 through 7, the defendant has been deported from the United States on two occasions since 1990.  Document 8, which also appears in the A-File, is a Jamaican Emergency Certificate to Travel.  It is a document required to be completed in order for a person to be deported from the United States, and is made a part of an A-File.  The document demonstrates that the defendant is a Jamaican citizen, which corroborates the evidence that he is not a United States citizens.  Documents 9 through 11 are fingerprint cards of the defendant taken at the time that the defendant was arrested for three separate federal crimes.  Documents 12 and 13 constitute statements made by the defendant admitting that he is an illegal alien who was born in Jamaica.  Document 12 is a sworn affidavit of the defendant, and document 13 is a sworn statements to an immigration judge.  Finally, document 14, which is also a part of the defendant's A-File, consists of a Statement of Non-Existence, certifying that no record exists of the defendant seeking permission from either the Attorney General or the Secretary of Homeland Security to apply for readmission to the United States.  Documents 15 through 19 all relate to one or the other of two prior federal convictions of the defendant.  One element of each of these two prior convictions was that the defendant was an illegal alien.  In each case, the defendant admitted to this fact in a Rule 11 hearing.  These documents are included in the A-File, but have also been obtained directly from the relevant Federal District

---

[1] The Government will offer evidence at the trial that the specific A-File from which each of the documents involved in this matter comes is that of the defendant.  Specifically, the Government will prove that the defendant's fingerprints match the fingerprints appearing on numerous documents in the A-File (and listed above), that photographs of the defendant appear on several of these documents, and that the defendant made statements admitting to facts that are reflected in the A-File.

Courts. For the reasons stated below, each of these documents is admissible in the Government's case in chief against the defendant.

    A.    <u>Records of Prior Deportations – Documents 1 through 7</u>:

In general, evidence of the defendant's prior deportations is admissible in the instant matter as it constitutes evidence of one of the essential elements of the crime charged in the Indictment – that the defendant was previously removed from the United States. <u>See</u> <u>United States v. Loyola-Dominguez</u>, 125 F.3d 1215, 1317-1318 (9th Cir. 1997). It also constitutes corroborating evidence of another element the Government must prove – that the defendant is not a United States citizen. <u>See</u>, <u>e.g.</u>, <u>United States v. Hernandez,</u> 105 F.3d 1330 (9th Cir. 1997). The specific documents that the Government proposes to introduce in the instant matter are admissible as public records of the Immigration and Naturalization Service and its successor agencies pursuant to F.R.E. 803(8), and as business records of the Immigration and Naturalization Service and its successor agencies pursuant to F.R.E. 803(6).[2]   <u>See</u>, <u>e.g.</u>, <u>United States v. Loyola-Dominguez</u>, 125 F.3d 1315, 1318 (9th Cir. 1997) (the Warrant of Deportation, Order of the Immigration Judge, and Order to Show Cause, are documents from the A-file and are public records within the meaning of Fed. R. Evid. 803(8)); <u>United States v. Sotello</u>, 109

---

[2] The Government will offer testimony of a custodian of records of the INS and its successor agencies at trial establishing that the INS and its successor agencies are public agencies and that the documents set forth or contain the activities of the office or agency or matters observed pursuant to a duty imposed by law as to which matters there was a duty to report. The custodian of records will also offer testimony at trial that the relevant records are memoranda, reports, records, or data compilations of acts, events, conditions, or opinions, made at or near the time by or from information transmitted by a person with knowledge, that were kept in the course of a regularly conducted business activity and that it was the regular practice of the INS and its successor agencies to make the relevant memoranda, reports, records, or data compilations.

F.3d 1446, 1449 (9th Cir. 1997) (same).

  B. <u>Jamaican Emergency Certificate to Travel – Document 8</u>:

  The Jamaican Emergency Certificate to Travel is a document issued by the Jamaican government at the request of the INS and its successor agencies. It includes a photograph of the defendant. The existence of the document is necessary for an alien deportation, and is consequently made a part of the alien's A-File. It therefore provides evidence that the defendant was previously deported from the United States. Because this document is an integral part of the deportation process, it is admissible as a as public record of the Immigration and Naturalization Service and its successor agencies pursuant to F.R.E. 803(8), and as business records of the Immigration and Naturalization Service and its successor agencies pursuant to F.R.E. 803(6). Moreover, the Jamaican Emergency Certificate to Travel includes a statement by the defendant – that his name is Clarence Earle, that he was born on October 29, 1967 in St. James Jamaica, and that he was previously deported from the United States on March 1, 1991. This statement is admissible in the Government's case in chief as a statement by a party opponent pursuant to F.R.E. Rule 801(2).

  C. <u>Defendant's Fingerprints – Documents 9-11</u>:

  The Government intends to introduce expert testimony at the trial comparing the fingerprints of the defendant taken on February 13, 2004, the date that he was arrested for the instant matter, with the fingerprints taken when he was arrested for Illegal Reentry of a Removed Alien in the Western District of New York, the fingerprints taken when he was arrested for Possession of a Firearm by an Illegal Alien, and the fingerprints that appear on paperwork related to his prior deportations. As a consequence, the Government seeks to introduce the three

fingerprint cards listed as documents 9 through 11.  Each of these documents appears in the defendant's A-File, and is consequently admissible as public records of the Immigration and Naturalization Service and its successor agencies pursuant to F.R.E. 803(8), and as business records of the Immigration and Naturalization Service and its successor agencies pursuant to F.R.E. 803(6).[3]  See, e.g., United States v. Gilbert, 774 F.2d 962, 964-65 (9th Cir. 1985) (The routine act of reporting on fingerprints is no different from inventorying items seized.  The act of recording fingerprints is ministerial, objective, and non-evaluative and falls within the public records exception of Rule 803(8)(B)).

     D.    <u>Records of Prior Statements – Documents 12 and 13</u>:

These two documents are both a part of the defendant's first civil deportation proceedings.  In the Affidavit of Clarence Lynnal Earle, the defendant, after acknowledging his Miranda rights, stated that his true name is Clarence Earle, that he was born in Jamaica, that he entered the United States illegally as stow-away on a passenger ship in 1968, and that he has never been issued any documents allowing him to enter or work in the United States.[4]  Similarly, document 14 is a transcript of the defendant's first deportation hearing, held on February 12, 1990.  In it the defendant admits that he is a deportable alien.  Both of these documents are relevant evidence as they demonstrate that the defendant is an illegal alien, an essential element

---

[3] The Government will also present direct evidence at the trial that the fingerprints taken on the date of the defendant's arrest on the instant charges were the defendant's, in the form of testimony of a person who witnessed the defendant's fingerprints being taken that day.  This will serve not only to prove that the defendant is an illegal alien, as he admitted during the course of his prior convictions, it will also prove that he was found in the United States on the date stated in the indictment.

[4] It should be noted that the defendant's description of his method of illegal entry in this affidavit is very similar to the method described to Special Agent Eric LaForte and others in November 2003.

of the instant charge. The deportation proceeding also provides evidence that the defendant had previously been deported, another element of the charged crime. It is therefore admissible pursuant to F.R.E. 404(b). Moreover, both documents constitute prior statements of the defendant, and are thus admissible in the Government's case as statements of a party opponent pursuant to F.R.E. 801(2). Both documents are also part of the defendant's A-File, and are therefore admissible as public documents pursuant F.R.E. 803(8) and as business records pursuant to F.R.E. 803(6). Moreover, the transcript of the deportation proceeding is a certified copy of a public document which is admissible pursuant to F.R.E. 902(4).

      E.    <u>Statement of Non-Existence of a Record – Document 15</u>:

The Statement of Non-Existence of a Record will indicate that a diligent search of the defendant's A-File has been made and that no record or entry can be found indicating that the defendant sought (and was granted) permission to re-enter the United States. This document is necessary to prove the final element of the charged crime – that the defendant had not sought and been granted permission to reenter the United States since he was deported. The document is admissible pursuant to F.R.E. 803(10) as a statement concerning the absence of a public record. It is also admissible pursuant F.R.E. 803(7) as a statement concerning the absence of a an entry in records kept in the course of a regularly conducted business activity.

      F.    <u>Records of Prior Convictions – Documents 15 through 19</u>:

Evidence of two of the defendant's prior convictions, the 1992 conviction from the Western District of New York for Illegal Reentry of a Removed Alien and the 1990 conviction from the District of Colorado for Possessing a Firearms while an Illegal Alien, is admissible pursuant to F.R.E. 404(b) as evidence of intent, knowledge, and identity, as well as proof that the

defendant is an illegal alien, a necessary element of both prior convictions as well as the instant charge.[5]  Moreover, both of the two prior convictions were obtained because the defendant pled guilty.  During the course each of these pleas, the defendant stated, under oath, that he was born in Jamaica and had entered the United States illegally.  These statements are relevant to proving that the defendant is an illegal alien, and are admissible in the Government's case pursuant to F.R.E. 801(2), as an admission by a party-opponent.  See, e.g., United States v. Bejar-Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980). Moreover, the specific documents that the Government intends to offer are all part of the defendant's A-File, and thus are admissible pursuant to F.R.E. 803(8) and F.R.E. 803(6) as discussed above.  Additionally, documents 15 through 19 are self-authenticating documents, as they are domestic public documents under seal and/or certified copies of public documents pursuant to F.R.E. 902(1) and F.R.E. 902(4) .

To protect the defendant from any prejudice that might arise from the introduction of these prior convictions, the Court can issue a limiting instruction to the jurors ordering them to consider the prior judgments only for the purposes of establishing the defendant's alien status at the time of those judgments.  See, e.g., United States v. Bejar-Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980).

---

[5] The plea and conviction for Possessing a Firearm while an Illegal Alien from the District of Colorado also proves that the defendant has been convicted of an Aggravated Felony, as that term is used in 8 U.S.C. § 1326(b)(2) and as defined in 8 U.S.C. § 1101(a)(43)(E)(ii), which is a sentencing factor that raises the defendant's statutory maximum to twenty years pursuant to 8 U.S.C. § 1326(b)(2).  See, Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), United States v. Cordoza-Estrada, 385 F.3d 56 (1st Cir. 2004), United States v. Gomez-Estrada, 273 F.3d 400 (1st Cir. 2001)

## IV.     CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter an order that the documents listed above shall be conditionally admitted in the upcoming trial of this matter.

                                                  Respectfully submitted,

                                                  MICHAEL J. SULLIVAN
                                                  United States Attorney

                                      By:    /s/ Seth P. Berman
                                               SETH P. BERMAN
                                               Assistant U.S. Attorney

September 16, 2005

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Charles Rankin
>Rankin and Sultan
>One Commercial Wharf North
>Boston, MA 02110

This 16th day of September 2005.

>/s/ Seth P. Berman
>SETH P. BERMAN
>Assistant U.S. Attorney