UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____

No. 04-CR-10065-MLW

_____

UNITED STATES

v.

CLARENCE EARLE

_____

**DEFENDANT'S OBJECTION TO NEW WITNESSES**

The defendant Clarence Earle, by his counsel, objects to the addition of three persons to the government's list of proposed witnesses. On November 1, 2005, the government filed a supplemental witness list, a copy of which is attached as Exhibit A. In the notice, the government identified the defendant of its intention to call three new witnesses:

1.  **Douglas Truesdale** is currently employed by the Department of Homeland Security in Dallas. According to Assistant U.S. Attorney Seth Berman, Mr. Truesdale encountered the defendant as he attempted to enter the United States in New York in September 1992. He interviewed the defendant, fingerprinted him, and prepared a report about his encounter with the defendant. A copy of the report is attached as Exhibit B.

2.  **Michael Riebau** is currently employed by the Department of Homeland Security in Denver. According to Mr. Berman, Agent Riebau witnessed the defendant's signature on an inculpatory affidavit when he was in custody in Colorado in 1990. A copy of the affidavit is attached as Exhibit C.

3.      Michelle McLaughlin is a court reporter in Buffalo, NY who transcribed the court

proceedings involving the defendant in 1992.

The defendant objects to these witnesses.  First, the defendant objects that the notice has

come too close to trial to effectively prepare to meet the testimony of these witnesses.  Second, if the

defendant had known that the government expected to offer inculpatory statements through these

witnesses, counsel would have explored with the defendant whether to move to suppress those

statements.

                        Respectfully submitted
                        The defendant Clarence Earle
                        By his attorney

                        /s/ Charles W. Rankin
                        _____
                        Charles W. Rankin
                        BBO 411780
                        Rankin & Sultan
                        1 Commercial Wharf North
                        Boston, MA  02110
                        (617) 720-0011

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No.  04-cr-10065 MLW** |
| | ) | |
| **CLARENCE L. EARLE** | ) | |
| a/k/a **ERIC ALLEN** | ) | |
| a/k/a **LEMONT TIPPET** | ) | |
| a/k/a **THEODORE WILSON** | ) | |
| a/k/a **ROBERT PREVAL** | ) | |
| | ) | |

## GOVERNMENT'S SUPPLEMENTAL WITNESS LIST

The government hereby gives notice that it may call the following persons as witnesses during its case-in-chief.  These witnesses are in addition to the witnesses listed on the government's October 21, 2005 witness list.  The government reserves the right to add additional witnesses prior to trial:

10.    Douglas L. Truesdale, Assistant Port Director, Passenger Operations
       United States Dept. of Homeland Security
       Customs and Border Protection
       Dallas Texas

11.    Senior Special Agent Michael G. Riebau,
       United States Dept. of Homeland Security
       Immigration and Customs Enforcement
       Denver, Colorado

12.    Michelle L. McLaughlin
       Official Court Reporter
       U.S.D.C., W.D.N.Y.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                              By:    /s/ Seth P. Berman
                                        SETH P. BERMAN
                                        Assistant U.S. Attorney

Dated:  November 1, 2005

**Exhibit A**

# Memorandum



SEVIS#922BUF1132

| | |
|---|---|
| **Subject** BUF# 274-792-92    NIA 92/361<br>1992 Toyota Corolla<br>MAUS 105 CRV<br>VIN# JT2AE91A9N0314327<br>Agency Rent A Car | **Date** September 26, 1992 |
| | *Douglas L Truesdale* (signature) |
| **To**    A28 488 757; A29 271 617<br>ALLEN, Eric<br>DPOB: 6/18/68 Jamaica<br>Citizen of Jamaica<br>(VIOLATOR)<br> a.k.a. EARLE, Clarence Lynval<br>     TIPPETT, Lamont<br><br>A35 671 140<br>PINNOCK, Everith O'Brien<br>DPOB: 10/1/62 Jamaica<br>Citizen of U.S.A.<br>(VIOLATOR)<br>a.k.a. FURTADO, Joseph | **From** Douglas L. Truesdale<br>Senior Inspector<br>Niagara Falls, NY |

At approximately 1505 hrs., on September 24, 1992, a vehicle bearing Massachusetts registration 105 CRV, with two occupants, entered the United States for primary inspection at the Lewiston Bridge, Lewiston, NY. The primary inspection was conducted by K. Griffin, INS. Inspector Griffin identified the driver of the vehicle as Joseph FURTADO. FURTADO claimed he was a citizen of the United States and he presented a New York State driver's license, #F216951097680455056, as evidence of his identity and nationality. Inspector Griffin identified the passenger as Lamont TIPPETT. TIPPETT claimed he was a citizen of the United States and he presented a Massachusetts ID card, #065385579, as evidence of his nationality and identity. Inspector Griffin asked the subjects to tell her where they were born. FURTADO claimed he was born in Massachusetts. TIPPETT claimed he was born in Pennsylvania. Inspector Griffin detected a slight foreign accent from the driver during her conversation with him. She promptly referred the vehicle and occupants to INS secondary for further inspection.

The INS secondary inspection was conducted by R. Davidson. Inspector Davidson questioned both subjects. FURTADO maintained his claim to birth in the United States and presented a Massachusetts identification card as further evidence of his identity. TIPPETT advised Inspector Davidson that he was born in Philadelphia, Pa., but he grew up in Dorchester, Massachusetts. He further claimed he dropped out of school in the ninth grade. Inspector Davidson also detected slight accents from the subjects. He subsequently referred both subjects to U.S. Customs for further secondary inspection.

Supervisory Immigration Inspector David Kennedy contacted me at approximately 1815 hrs., and advised me of the following; He stated that two male subjects had applied for admission into the United States at the Lewiston Bridge, Lewiston, NY earlier that afternoon. He said that both subjects had claimed to be citizens of the United States and that there was an active arrest warrant for the driver from Texas.

Form G-2                                     Exhibit B
(Rev. 1-2-80)

2.

He further indicated that the driver had admitted his true identity was Everith PINNOCK, and that he was a citizen of the United States. SII Kennedy informed me that a U.S. Customs search of the vehicle revealed approximately $6,900.00 hidden behind a door panel of the car. SII Kennedy further advised that the N.Y. State Police had responded and were going to arrest PINNOCK on the outstanding warrant. SII Kennedy then asked me if I would come to the Lewiston Bridge and interview the subjects to verify their identity and claims to U.S. citizenship.

I responded and arrived at the Lewiston Bridge a short time later. I briefly discussed the facts of the case with SII Kennedy, Customs Supervisor Bruce Smith, and NYSP Investigator Knott. I proceeded to interview the driver, PINNOCK. I advised PINNOCK of his constitutional rights, per Miranda, at approximately 1830 hours. This was witnessed by Customs Inspector D. Quinlan. PINNOCK stated he understood his rights and that he was willing to make a statement without representation. PINNOCK claimed he was a citizen of the United States. He claimed he obtained derivative U.S. citizenship through his mother, who is a naturalized U.S. citizen. PINNOCK stated his true name was Everith O'Brien PINNOCK, and that he was using the name and identification of his friend, Joseph FURTADO, because his driver's license was revoked. He admitted he had an arrest record for drinking in a public place. He stated he had no other arrests. PINNOCK claimed he was traveling with Lamont TIPPETT. He further stated he had known TIPPETT for over seven years and that he was a U.S. citizen too. PINNOCK claimed that he and TIPPETT had left Boston together in the rental car on Friday, 9/18/92. He stated they drove to NYC for a day, and that they then drove to Buffalo, NY on Saturday evening. He claimed they slept in the car on the NY State Thruway, and entered Canada as visitors on Sunday morning, 9/20/92. PINNOCK claimed he and TIPPETT went to Canada together to visit his aunt, Nelta WILLIAMS. He claimed they stayed at 160 Gage Street, Hamilton, Ontario with her for three or four days. He claimed they then returned to the United States.

I proceeded to interview the subject claiming to be Lamont TIPPETT. I advised him of his constitutional rights, per Miranda, and asked him if he understood his rights. He stated he understood his rights. I then asked TIPPETT if he was willing to make a statement without representation. TIPPETT stated he was willing to make a statement. I then placed him under oath and began to question him. He claimed his true name was Lamont TIPPETT and that he was born in Philadelphia, Pa., on 3/22/66. He stated both his parents were also born in the U.S.A. I then asked TIPPETT to tell me how long he attended school in the U.S. He stated he attended school through the ninth grade, and that he then dropped out. He claimed he was 17 years old when he quit school. I then asked him some questions pertaining to U.S. history and geography, which are commonly answered correctly by educated residents of the United States. TIPPETT claimed there was 52 states in the United States. He stated George Washington was the first president of the United States. He did not know how many stars were on a U.S. flag, but he knew the colors. He was unable to recite any portion of the Pledge of Allegiance to the Flag. He could not identify the U.S. president during the civil war. He also could not identify the capitals of the United States, Pennsylvania or Massachusetts. I was convinced he was not born in the United States. I was further convinced that he was not educated in the U.S., nor was he a U.S. citizen.

I discussed the results of my interviews with U.S. Customs & the NY State Police. I proceeded to fingerprint the subjects. I then enlarged the fingerprints and sent them to the FBI Identification Division in Washington, D.C. for analysis and comparison. The FBI subsequently contacted me and advised that the fingerprints for SUBJECT TIPPETT were an identical match with FBI Record# 705963KA6, in the name of Eric ALLEN. I initiated an NCIC Criminal History Check and learned that ALLEN was born in Jamaica on 6/18/68, and that he also has used the name Clarence Lynval EARLE. The NCIC record revealed that ALLEN has been arrested previously on at least three different occasions. On August 2, 1989 in San Diego, California he was arrested by the U.S. Border Patrol and placed in deportation proceedings. On January 24, 1990 in Denver, Colorado he was arrested by U.S. Immigration.

Form G-2
(Rev. 1-2-80)

3.

He was then charged with violating U.S. Immigration laws. On March 14, 1990 in Denver, Colorado he was arrested by the U.S. Marshal Service, using the name Clarence Lynval EARLE, and charged with an Illegal Alien in Possession of a Weapon. He was convicted for that charge on 7/13/90 and was sentenced to six months. ALLEN was then turned over to INS upon serving his sentence and he was then deported to Jamaica through Miami, Florida on 1/3/91. Official INS records revealed that ALLEN was a violator, and that he was deported to Jamaica on 1/3/91, using his alias name of Clarence EARLE.

I contacted Assistant U.S. Attorney William Flynn and advised him of the facts of the case. Mr. Flynn authorized criminal prosecution for SUBJECT ALLEN for violations of Title 8 USC Section 1326 and Title 18 USC Sections 911 & 1001. I contacted Area Port Director Stevens and advised him of the case. Mr. Stevens authorized seizure of the vehicle per Section 274, INA. ALLEN was refused admission into the United States, and then paroled into the United States pending his criminal prosecution. PINNOCK was turned over to the NY State Police. ALLEN was then detained at the Niagara Falls City Jail pending his arraignment.

Form G-2
(Rev. 1-2-80)

Form I-215B
(Rev. 9-1-72)Y

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

# AFFIDAVIT

IN RE: __Clarence Lynnal EARLE__    FILE NO. __A28 488 757__

EXECUTED AT __US INS office, Denver, CO__    DATE __Jan 25, 1990__

Before the following officer of the U.S. Immigration and Naturalization Service:    M. E. Thompson

in the __English__ language.    Interpreter _____ used.

---

I, __Clarence Lynnal Earle__, acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding: __my identity, my citizenship, and the manner of my entry into the United States.__

He has told me that my statement must be freely and voluntarily given and has advised me of these rights:

"You have the right to remain silent.

Anything you say can be used against you in court, or in any immigration or administrative proceeding.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you can not afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."

I am willing to make a statement without anyone else being present. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me, God.

**Being duly sworn, I make the following statement:** My true and complete name is Clarence Lynnal Earle. I was born on October 29, 1967, in Montego Bay, Jamaica. I am a citizen of Jamaica. I came to the United States sometime during 1986 on a passenger ship on which I was hiding. When I got off the ship, I did not speak to any US Immigration Officer. Also, I did not have any passport or visa with me then to enter this country. I admit that I am in the United States illegally and that I have never been issued any documents from the United States Immigration Service to live permanently or work. This statement is true and correct to the best of my knowledge.

Signed X _Clarence Earle_

Subscribed & sworn to before this 25th day of January 1990, at Denver, CO.

_M. E. Thompson_
M. E. Thompson, Sr. S/A

_M. A. Huban_
Witnessed By:

**Exhibit C**