UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-10065-MLW |
| | ) | |
| CLARENCE EARLE | ) | |

## GOVERNMENT'S PROPOSED EVIDENCE REGARDING THE DEFENDANT'S PRIOR STATEMENTS

The Government proposes to introduce evidence of two prior statements of the defendant, each of which was made in the course of prior criminal cases, one in the Western District of New York for Attempted Illegal Reentry of a Removed Alien in violation of 8 U.S.C. § 1326, and one in the District of Colorado for Possessing a Firearm by an Illegal Alien in violation of 18 U.S.C. § 922(g)(5).

I.  **Threshold Evidentiary Issues**

Prior statements of the defendant are admissible pursuant to F.R.E. 801(2), as an admission by a party-opponent. Thus, the statements are admissible provided that 1) the government can demonstrate, pursuant to F.R.E. 104(b), that they were made by the defendant; 2) the statements themselves (in this case the written documentation of the statements) are in an admissible form; 3) the statements fall within one of the exceptions to F.R.E. 404(b); and 4) the statements are more probative than prejudicial, pursuant to F.R.E. 403. Ech of these conditions is met by the redacted statements the Government proposes to introduce.

The government will link the proposed statements through the defendant's fingerprint records, and the references in one of the Court files to the defendant's A-File, as detailed below, thereby satisfying F.R.E. 104(b).

The proposed written statements and documents are admissible in their current form

without a witness, as they are taken from certified, sealed public records, and are thus self-authenticating documents pursuant F.R.E. 902(1).

The statements fall within the exception of F.R.E. Rule 404(b) because they are not being offered to show the character of the defendant, but rather for another purpose, specifically as evidence the of the defendant's alien status, his prior deportation, and his identity. See, e.g., United States v. Bejar-Matrecios, 618 F.2d 81, 83-84 (9th Cir. 1980).

Once the government establishes that the statements were made by the defendant, they directly address crucial elements of the government's case. Specifically, they are offered to show that the defendant is an alien, and that he has been previously deported, and that he is the same person who used the names Clarence Earle and Eric Allen, crucial elements of the crime charged in the Indictment. The government's proposed redaction of the statements, which will eliminate any reference to the defendant's conviction, or indeed, the fact that the statements were made in the course of criminal cases, addresses any unfair prejudice to the defendant, pursuant to F.R.E. 403.

Consequently, the statements should be admitted in the redacted form proposed below.

II.     **Proposal to Minimize Prejudice Against the Defendant:**

    A.     **Western District of New York Case:**

To minimize any prejudice against the defendant, the government proposes admitting a redacted version of one paragraph of the Plea Agreement, the paragraph that constitutes the agreed upon facts. Specifically, Paragraph 6 of the Plea Agreement states:

        1.     Language from Plea Agreement:

"The defendant and the Government agree to the following factual basis for

the plea:

> On September 24, 1992, in the Western District of New York, the defendant, Eric Allen, did knowingly, willfully and unlawfully attempt to enter the United States at Lewiston, New York claiming to be a United States citizen by presenting a Massachusetts identification card bearing the name of Lamont Tippett.  Upon review by INS officials, the defendant was revealed to be Eric Allen who had been convicted in Denver, Colorado on July 13, 1990 on charges of felony possession of a weapon and that on January 3, 1992 he was deported to Jamaica from Miami, Florida.  Subsequent to his deportation, the defendant did not obtain permission to reenter the United States from the Attorney General of the United States."

    2.    <u>Proposed Redacted Version:</u>

The government proposes that this statement be admitted at the upcoming trial in the following form:

On January 12, 1993, a person using the name Eric Allen signed a statement that he submitted to United States District Court for the Western District of New York (Buffalo) in which he agreed that the following facts were true:

On September 24, 1992, in the Western District of New York, Eric Allen, did knowingly, willfully and unlawfully attempt to enter the United States at Lewiston, New York claiming to be a United States citizen by presenting a Massachusetts identification card bearing the name of Lamont Tippett.  Upon review by INS officials, he was revealed to be Eric Allen who had been involved in a case in Denver, Colorado that concluded on July 13, 1990 and who had been

deported to Jamaica from Miami, Florida on January 3, 1992 . Subsequent to his deportation, the defendant did not obtain permission to reenter the United States from the Attorney General of the United States.

      3.      Linkage between Statement and the Defendant:

The government proposes to link this statement to one of the fingerprint cards appearing in the A-File. On its face, this statement reflects the same information as is on that card, specifically, that a person in the name of Lamont Tippett who was arrested on September 24, 1992 and was charged with "Possible False Claim to U.S. Citizenship", was fingerprinted by USINS at Buffalo, NY. Moreover, the government may call a witness who will testify that 1) he was the arresting agent on the case that involved the above-described statement; 2) he fingerprinted the person who was arrested in that case; and 3) the fingerprint card described above is the fingerprint card he took of the defendant who appeared in that case.

The government will link this fingerprint card to the defendant through the testimony of a fingerprint expert.

      **B.**      **District of Colorado Case:**

In the District of Colorado case, the government proposes admitting a redacted portion of one paragraph of the Plea Agreement and Stipulation of Facts, plus two other documents that appear in that file.

      1.      Language from Plea Agreement and Stipulation of Facts:

The relevant portion of the plea agreement, entitle "Stipulation of Relevant Facts," reads as follows:

> "On January 24, 1990, Clarence Earle, a Jamaican citizen who was in the

United States illegally, was arrested on an INS warrant charging him with entering the U.S. without inspection."

    2.    Proposed Redacted Version:

The government proposes that this be admitted in the following form:

On May 22, 1990, a person using the name Clarence Earle signed a statement that he submitted to United States District Court for the District of Colorado (Denver) in which he agreed that the following facts were true:

"On January 24, 1990, Clarence Earle, a Jamaican citizen who was in the United States illegally, was arrested on an INS warrant charging him with entering the U.S. without inspection."

    3.    Other Documents and Facts the Government Proposes Admitting

The government also proposes admitting two documents that also appear in the certified and sealed court record of the Denver case. The first is a copy of the Order to Show Cause, dated January 25, 1990 and referencing Alien File No. A28 488 757. The second is the February 22, 1990 order of the Immigration Judge Jesse M. Sellers, regarding Clarence Lynval Earle. The government proposes that the jury be informed that these two documents appear in the official court record for the same case in which the above statement was made by the person using the name Clarence Earle.

Finally, the government proposes that the jury be informed that the District of Colorado case ended on July 13, 1990.[1]

---

[1] The purpose of this information is so that the statement in the W.D.N.Y. case: "Upon review by INS officials, the defendant was revealed to be Eric Allen who had been convicted in Denver, Colorado on July 13, 1990 on charges of felony possession of a weapon," can still be

The government proposes to link this statement to one of the fingerprint cards appearing in the A-File. On its face, this statement reflects the same information as is on that card, specifically that a person named Clarence Earle was arrested on January 24, 1990 in Denver, Colorado, charged with "Violation of INS Law." Moreover, the government will link the court file to the defendant's A-File because the Order to Show Cause, and the Order of Immigration Judge are identical to the copies of those documents found in the Clarence Earle's A-File and they reference the A-File.

The government will link both the Order to Show Cause and the 1990 Denver fingerprint card to the defendant through the testimony of a fingerprint expert.

### III.    Conclusion

For the reasons stated above, the government respectfully requests that the Court admit the proposed redacted statements in the upcoming trial on this matter.

                                       Respectfully submitted,

                                       MICHAEL J. SULLIVAN
                                       United States Attorney

                              By:    /s/ Seth P. Berman
                                       SETH P. BERMAN
                                       Assistant U.S. Attorney

Dated:        November 3, 2005

---

linked in some way to the District of Colorado case even after it is redacted to "a case that ended on July 13, 1990." Of course, by eliminating the reference to the crime charged in that case, the link between the two cases is significantly less facially obvious (especially since the two convictions are in different names), but the government proposes forgoing this link in an effort to avoid any unnecessary prejudice to the defendant, unless the defendant opens the door to this evidence.