UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____

No. 04-CR-10065-MLW
_____

UNITED STATES

v.

CLARENCE EARLE
_____

**DEFENDANT'S MOTION TO SUPPRESS AND DISMISS
AND FOR LEAVE TO FILE**

The defendant Clarence Earle, by his counsel, moves that the Court suppress the statements of the defendant obtained in violation of his rights under the Vienna Convention, and further moves to dismiss this action because the defendant's prior deportations were obtained in violation of the defendant's rights under said convention. The defendant seeks to raise the matter at this time because yesterday the Supreme Court granted certiorari in two cases raising this issue, thereby drawing into question the First Circuit's earlier decision in United States v. Li, 206 F.3d 56 (1st Cir. 2000)(en banc).

The Supreme Court's action took place in the following cases: Sanchez-Llamas v. Oregon, No. 04-10566 (U.S.S.C.), cert. granted Nov. 7, 2005, and Bustillo v. Johnson, No. 05-51 (U.S.S.C.) cert. granted Nov. 7, 2005. The lower's court's decision in the Oregon case is reported as Oregon v. Sanchez-Llamas, 338 Or. 267, 108 P.3d 573 (2005). It does not appear that the Virginia case is reported. The Supreme Court had previously dismissed a writ of certiorari in a different case as improvidently granted. Medellin v. Dretke, 125 S. Ct. 2088 (2005).

The defendant seeks to challenge the statements he made to INS and court officials because he was not given access to consular officials at the time of his arrests in Denver and Buffalo (and indeed, elsewhere). The use of the unlawfully obtained statements also renders the earlier deportations unlawful, thereby rendering this prosecution unconstitutional. United States v. Mendoza-Lopez, 481 U.S. 828 (1987).

Respectfully submitted
The defendant Clarence Earle
By his attorney

/s/ Charles W. Rankin
_____
Charles W. Rankin
BBO 411780
Rankin & Sultan
151 Merrimac Street, 2nd floor
Boston, MA 02114
(617) 720-0011