UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 04-CR-10065-MLW |
| ) | |
| CLARENCE EARLE ) | |

**GOVERNMENT'S MOTION REGARDING PROPOSED EXHIBITS**

During the direct testimony of Joanne Sassone, the Government offered two exhibits into evidence, the Transcript of the Deportation Hearing, dated February 12, 1990, which the Court labeled as E (hereinafter, "Exhibit E"), and the February 22, 1990 Order of Immigration Judge Jesse M. Sellers, which the Court labeled as D (hereinafter, "Exhibit D"). The Government argued that these documents were admissible as public records. Defendant objected to these documents, arguing, among other things, that the documents are the documents of the Executive Office for Immigration Review, not the documents of the Immigration and Naturalization Service and its successor agencies (collectively, "INS"). As a consequence, the defendant argued, the witness could not properly authenticate the documents.

The defendant has not disputed that the Executive Office for Immigration Review is a public agency – indeed, the witness testified that it was a part of the U.S. Department of Justice. The issue is whether Joanne Sassone, as a keeper of the records of INS, can authenticate the documents as public records pursuant to F.R.E. 803(8).[1]

---

[1] The Government also argued in its Motion in Limine that Exhibit E could be admitted as a self-authenticating document pursuant F.R.E. 902. On further review, the Government has decided not to seek admission of the document based on this rule. Though the document does contain a certification, it is not clear that the certification is sufficient to meet the requirement for a self-authenticating document pursuant to Rule 902.

**ARGUMENT**

I.   <u>Rule 901 Requires that a Party Authenticate a Public Document by Providing Evidence that the Document is a Document from a Public Office Where Such Documents are Kept.</u>

F.R.E. 901(a) states, "The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims."  F.R.E. 901(b)(7), provides an illustration of evidence sufficient to authenticate a public document:

> Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report statement, or data compilation, in any form, is from the public office *where items of this nature are kept*.  (Emphasis added).

Joanne Sassone testified that the documents are documents routinely kept by INS.  Under the plain meaning of F.R.E. 902(b)(7), the key issue in authenticating public records is not whether a given agency created the record, but rather whether the record is recorded, filed and *kept* by the agency.  The advisory committee notes to Rule 901(b)(7) are even more clear on this point, "Public records are regularly authenticated by proof of custody, without more."  The evidence provided by Joanne Sassone, as a keeper of the records of INS, therefore satisfies the authentication requirement of Rule 901.

In fact, the evidence that Exhibit D is a document that is maintained in the files on INS comes not only from Joanne Sassone's testimony, but also from the document itself.  The lower left hand corner of the document includes a notation that there is an "INS Copy" of the document, supporting Joanne Sassone's testimony that the document is routinely recorded, filed and kept by INS.

II.     Rule 901 Does Not Require That the Witness Authenticating a Public Document Be an Employee of the Public Agency Whose Files are at Issue:

Authentication of public documents, unlike authentication of business records, does not require the testimony or certification of an employee of the public agency whose files are at issue:

> In substance, authentication requires nothing more than proof that a document or thing is what it purports to be and, even though the Federal Rules of Evidence spell out various options, the rules also stress that these options are not exclusive and the central condition can be proved in any way that makes sense in the circumstances.  Here, the German records were authentic if they were genuine German immigration records, and this latter condition was established by the testimony of the INS officer as to their provenance (that he got them from a German Border Police Official) and appearance (the INS officer was familiar with German immigration records).

Yongo v. INS, 355 F3d 27 at 30-31 (1st Cir. 2004).

Thus, for purposes of authentication, even were the Court to deem these documents as documents that are kept by the Executive Office for Immigration Review and not INS, it does not matter that Joanne Sassone is not an employee of the Executive Office for Immigration Review.  She is competent to authenticate the documents based on her knowledge that these documents are public records of a public agency, even though she works at a different public agency.

**CONCLUSION**

For the reasons stated above, the government respectfully requests that the Court admit Exhibits D and E.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                       By:    /s/ Seth P. Berman
                              SETH P. BERMAN
                              Assistant U.S. Attorney

Dated:        November 9, 2005