UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____

No. 04-CR-10065-MLW
_____

UNITED STATES

v.

CLARENCE EARLE
_____

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION REGARDING
PROPOSED EXHIBITS D AND E**

The issue is whether a document created by the Executive Office for Immigration Review ("EO") can be authenticated by testimony that it has been kept in the files of the Immigration and Naturalization Service or its successor agency ("INS"). The government argues that this difference does not matter. The government argues that the document is recorded, filed, and kept by INS and therefore that is sufficient to authenticate it as a record of the EO. The defendant disagrees.

Rule 901(b)(7) reads:

> **(7) Public records or reports**. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

Wright & Miller discuss this point. They write:

1

> Even where custody of an item within a public office has been demonstrated, Rule 901(b)(7) further requires that the item must have been in the custody of the public office "where items of this nature are kept." Thus, where the evidence is of a class of items normally maintained in a particular public office, production of that item from the files of a different public office may be insufficient to qualify the item for authentication under Rule 901(b)(7).

Wright, Gold, *Federal Practice and Procedure: Evidence*, § 7112. That would seem to be the situation here, where the document has been retrieved from the files of a "different public office" (INS) from that in which it originated (EO). The treatise cites *Amoco Production Co. v. United States*, 619 F.2d 1383, 1391 n.7 (10th Cir. 1980) ("However, the mere fact that a document is kept in a working file of a governmental agency does not automatically qualify it as a public record for purposes of authentication or hearsay"; deed in working file of Bureau of Land Management not a public record, even if recorded version of the deed would have been).

The Government has not demonstrated that the proceedings of the EO (in particular the transcript) are authorized by law to be recorded or filed in the INS.

The Government's citation to *Yongo v. INS*, 355 F.3d 27, 30-31 (1st Cir. 2004), is entirely inapposite. First, that case was not governed by the Federal Rules of Evidence. Second, the immigration records were not authenticated as "public records," but rather merely on circumstantial evidence. Third, and finally, the

documents were discussed as having been kept as records *in Germany*. The situation in this case -- where records of another agency were kept in INS files -- was simply not presented.

The government's suggestion (see last paragraph on page 3) that Sassone can authenticate the documents as the public records of EO, even though she is an employee of INS, also fails. The document in question did not come from the files of the EO. It came from the files of the INS. The fact that there may be an identical document in the files of the EO is immaterial, as that document has not been produced.

></center>

Respectfully submitted
The defendant Clarence Earle
By his attorney

/s/ Charles W. Rankin
_____
Charles W. Rankin
BBO 411780
Rankin & Sultan
151 Merrimac Street, 2nd floor
Boston, MA 02114
(617) 720-0011