UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-10065-MLW |
| | ) | |
| CLARENCE EARLE | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, respectfully requests that this Court sentence the defendant to a 78 month period of incarceration, as well as a fine within the guideline range, a period of supervised release, and a $100 special assessment.

According to the presentence report, defendant's guideline sentencing range is 63 to 78 months if the Court deems that his false statement during his arraignment (claiming that he was Theodore Wilson) does not constitute obstruction of justice, and 78 to 97 months if this statement does constitutes obstruction. Seventy-eight months thus falls within both potential guideline ranges. This sentence fairly addresses defendant's serious, repeated criminal conduct, his consistent attempts to cover up that conduct, and his continued refusal to admit his guilt. Such a sentence also reflects the sentencing considerations of 18 U.S.C. § 3553(a), in that a long sentence is necessary to reflect the seriousness of the offense and to promote respect for the law. It is also necessary to deter the defendant and others from committing this same offense and to protect the public from further crimes of the defendant. This last consideration is especially important given the speed with which the defendant has apparently returned to the United States after each of his prior deportations.

**Defendant's Long History of Illegal Entry, Deportation, Reentry, and False Claims to United States Citizenship:**

As the evidence at trial demonstrated, defendant was first arrested in Denver, Colorado on January 24, 1990. As a result of that arrest, defendant was convicted of being an illegal alien in possession of a firearm, and deported to Jamaica. As occurred each subsequent time the defendant was encountered by immigration authorities, defendant's first reaction to his arrest was to claim that he was a United States Citizenship by virtue of having been born in the United States, in this instance claiming that he was born in Kansas City. See I-213, dated January 25, 1990, Attached as Exhibit 1.

Defendant was first deported from the United States one year later, on January 3, 1991. See Trial Exhibit 1. Less than eighteen months later, on June 10, 1992, defendant, this time using the name Lamont Tippett, was arrested in Boston and charged with possession of a firearm without a license. Six months later he was again arrested, at the Lewiston Bridge Port of Entry in Lewiston, New York. At that time, the defendant presented identification purporting to show that he was Lamontt Tippett. He again claimed to be a United States Citizen by virtue of birth in the United States. This time he claimed he was born in Philadelphia, Pennsylvania. As a result of this incident, defendant pled guilty to attempted illegal reentry of a removed alien in violation of 8 U.S.C. 1326 on September 24, 1992, thereby admitting that his claim to United States Citizenship was false. See Trial Exhibit 20.

Defendant was again deported from the United States on July 10, 2002. See Trial Exhibit 3. Less than a year later, on May 27, 2003, he was again arrested in Boston, for possession with

intent to distribute a class B substance.[1]  This time the defendant used the name Theodore Wilson.  Defendant was arrested on the instant case on February 13, 2004.  At that time he claimed to immigration authorities that his name was Theodore Wilson and that he was born in Philadelphia.  Through a girlfriend, he provided the immigration agents with a birth certificate of Theodore Wilson, claiming that this demonstrated that he was an United States Citizen.  See Birth Certificate of Theodore Wilson, attached as Exhibit 2.  As the defendant well knew, this birth certificate in fact belonged to someone else.

**Defendant's False Statements to this Court:**

On May 23, 2005, during his arraignment on the Superseding Indictment in this case, after being sworn, defendant stated that his name was Theodore Wilson.  This was a lie.  Defendant has repeatedly stated under oath that his name was something other than Theodore Wilson.  For example, on January 25, 1990, he signed an affidavit stating that his name was Clarence Lynnal Earle.  See Trial Exhibit 6.  He swore before the United States District Court for the Western District of New York that his name was Eric Allen.  See Trial Exhibit 20.  As noted above, the name Theodore Wilson comes from the birth certificate that the defendant gave to immigration authorities in connection with the instant arrest.  See Birth Certificate of Theodore Wilson, attached as Exhibit 2.  This birth certificate belongs to someone else.

Defendant repeated this perjury on August 3, 2005, when he submitted an affidavit to this Court as part of his motion to suppress statements in which he stated, "My name is Theodore Wilson and I am the defendant in this case."

---

[1] This case is still pending.  According to the Assistant District Attorney in charge of the case, the Commonwealth intends to go forward with this prosecution.

These perjurious statements constitute obstruction of justice pursuant to United States Sentencing Guidelines § 3C1.1. According to application note 4 (f), a defendant commits obstruction of justice warranting a two level increase in his offense level when he "provides materially false information to a judge." There can be no doubt that defendant's statements were false. His conviction demonstrates that he is not Theodore Wilson, as Theodore Wilson is a United States citizen. Moreover, as noted above, the defendant's statements to this Court directly contradicted other sworn statements that the defendant has made concerning his identity.

These statements were also clearly material. A key issue in any illegal reentry prosecution is whether the defendant is the same person who had been previously deported. By using a different person's identity information, defendant materially mislead the Court. Moreover, a defendant's name is always a material matter at an arraignment, as the Court needs to ensure that the person being arraigned is the person named in the indictment. See, e.g., United States v. Price, 988 F.2d 712, 721 (7th Cir.1993) ("Two days after his arrest, [the defendant] appeared in court before a magistrate and gave a false name. Had the district court accepted [his] ruse, it would not have discovered [the defendant's] prior criminal activities, and his sentencing range would have been reduced ... These are more than sufficient grounds for supporting a finding of an obstruction of justice.") See, also, United States v. Garcia, 69 F.3d 810, 816 (7th Cir. 1995) (finding that a defendant who provided a false identity to pretrial services (apparently in the hope that his criminal record would not be discovered) merited an enhancement under U.S.S.G. § 3C1.1 even though this false statement did not succeed in getting the defendant released); United States v. Angulo-Lopez, 1993 WL 394835 (9th Cir. 1993) (holding that a defendant who signed a sworn financial affidavit before a magistrate judge under

a false name committed perjury and therefore merited an enhancement under U.S.S.G. § 3C1.1). Cf United States v. Bell, 953 F2d 6, 8-9 (1st Cir.1992) (finding that providing a false name in an attempt to avoid arrest does not merit an enhancement under § 3C1.1, in part because the false name was not given under oath).

      The proper course of action for the defendant during the arraignment, if he did not want to admit to his true identity, was to assert his Fifth Amendment right against self-incrimination and decline to answer the Court's question regarding his identity. The fact that the answer to that question would have been incriminating did not grant the defendant a license to perjure himself. Such perjury constitutes obstruction within the meaning of U.S.S.G. § 3C1.1.

**Defendant's Recidivism is Not Counted Towards His Criminal History Category:**

      Neither of defendant's two prior federal convictions contributed to his criminal history category. As a result, defendant's criminal history category does not take into account that this conviction represents the defendant's third federal conviction for immigration related offenses, and second conviction under this same statute. The 78 month sentence proposed by the government takes this recidivism into account. It is within both of the two guideline ranges proposed by probation. As such, it addresses not only defendant's recidivism, but also his repeated, false claims to United States citizenship and his persistent use of stolen identity information to further this claim. Regardless of whether the Court deems the defendant's perjury in this Court to be obstruction within the meaning of U.S.S.G. § 3C1.1, this 78 month sentence addresses defendant's repeated, contemptuous conduct in returning to the United States and lying to the authorities regarding his identity and immigration status.

**Conclusion**

For these reasons, the United States asks this Court to sentence the defendant to a 78 month term of imprisonment, as well as a fine, a special assessment, and a period of supervised release within the applicable guideline range.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Seth P. Berman
SETH P. BERMAN
Assistant U.S. Attorney

Dated: February 7, 2006