UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____

CRIMINAL NO. 04-CR-10065-MLW

_____

UNITED STATES

v.

CLARENCE EARLE

_____

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The defendant submits this short memorandum to highlight certain cases regarding the obstruction of justice enhancement that have not previously been discussed in the parties' submissions.

The defendant's use of a false name in his affidavit in support of a motion to suppress should not trigger the obstruction enhancement. In United States v. Polanco, 37 F. Supp. 2d 262 (S.D. N.Y. 1999), District Judge Rakoff commented upon the role that an affidavit plays in the context of a motion to suppress. "In seeking to vindicate rights under the Fourth or Fifth Amendments, a defendant is required to submit a sworn affidavit in order to obtain a suppression hearing. Having served this purpose, the affidavit effectively drops from sight, since it is rarely, if ever, considered by a judge in assessing the evidence at the suppression hearing." 37 F. Supp. 2d at 264. That serves to distinguish this case from the circumstances of United States v. Mitchell, 85 F.3d 800, 815 (1st Cir. 1996), where the court affirmed an obstruction enhancement based on the defendant's action in producing or attempting to produce false records (tape

recordings) that were submitted to court. It also distinguishes the case from those where the use of a false name has the potential to influence the recommendations of a pretrial services officer regarding release. United States v. Restrepo, 53 F.3d 396, 397 (1st Cir. 1995).

The government urges the Court to apply the enhancement as if the false statements were material on the question of the merits of the case; i.e., whether the defendant was Clarence Earle, an alien who had previously been deported, or whether he was Theodore Wilson, a citizen who had been born in Pennsylvania.. The guideline and caselaw, however, have a narrower focus. The enhancement is proper if the false statement is material to the "issue under determination." USSG 3C1.1, n. 6. "Issue under determination" does not mean the broader question of whether the defendant was Theodore Wilson who was born in Pennsylvania. Rather, it more narrowly focuses of the use, if any, to which the false statement would be put. In United States v. O'Dell, 204 F.3d 829, 837 (8th Cir. 2000), the court explained that false statements that bear on whether the defendant's pretrial release should be revoked had the potential to influence or affect that determination, and were thus material. Here, the defendant's use of the name Theodore Wilson at arraignment on the superseding indictment was not material to any issue under determination. Similarly, his use of the name Theodore Wilson in the affidavit in support of suppression did not have the potential to bear on the suppression of his statements.

United States v. Carroll, 346 F.3d 744, 748 (7th Cir. 2003), is to the same effect. There, the district court found that the defendant lied at the change of plea hearing about whether certain assets were legitimate, and imposed an obstruction enhancement because the defendant lied about his assets. The Seventh Circuit reversed, holding that the statements were not material because they had no impact on the defendant's forfeiture liability, since the government could

forfeit the assets anyway under the doctrine of substitute assets.

Because neither of the instances in which the defendant used the name Theodore Wilson had the potential to have a material impact on the issue under determination at those proceedings, the Court should reject the government's assertion that the defendant should receive a two level increase under USSG 3C1.1.

Respectfully submitted
The defendant Clarence Earle
By his attorney

/s/ Charles W. Rankin

_____
Charles W. Rankin
BBO No. 411780
Rankin & Sultan
151 Merrimac St.
Boston, MA 02114-4717
(617) 720-0011

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent automatically to all registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 21, 2006.

/s/ Charles W. Rankin

_____
Charles W. Rankin