UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-10065-MLW |
| | ) | |
| CLARENCE EARLE | ) | |

**MOTION TO CORRECT SENTENCE AND JUDGMENT PURSUANT TO RULE 35(a)**

The United States, by and through its attorneys United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, moves to correct three technical errors in the Judgment filed on 2/27/06.  These errors are of a technical and clerical nature, and an amendment is allowed pursuant to Rule 35(a).

The first error concerns the first paragraph of the Judgment, which states that the defendant pleaded guilty to count one of the Indictment.  In fact, defendant was found guilty of count one by a jury after a plea of not guilty.

The second clerical error concerns the additional conditions of the defendant's supervised release.  Specifically, the third paragraph of the additional convictions states, "If the defendant obtains such permission [to reenter the United States] and reenters the United States, the defendant shall, within 72 hours of such re-entry, report, in person, to the nearest United States Probation Office."  However, during the recitation of the sentence in open court, the Court stated that defendant's obligation to report to probation began 72 hours after his return to the United States, without regard to whether the defendant returns to the United States legally or otherwise.

If the Court meant to impose this condition regardless of the circumstances surrounding the defendant's potential future reentry into the United States, both the paragraph quoted above and the next paragraph ought to be revised.  The next paragraph states in its entirety, "The

defendant's term of supervised release will be suspended during any period of deportation." The government proposes that this paragraph instead read, "The defendant's term of supervised release will be suspended following his deportation until he returns to the United States."

     Finally, in the Statement of Reasons, Section 4, the box next to line A, which reads, "The sentence is within the advisory guideline range that is not greater than 24 months, and the court finds no reason to depart" is checked. However, the sentence is this case was for over 24 months. Consequently, the box next to line B should have been checked, and the information in Section VIII should have been completed.

                                                               Respectfully Submitted,

                                                               MICHAEL J. SULLIVAN
                                                               United States Attorney
                                                               By:

                                                               /s/ Seth P. Berman
                                                               SETH P. BERMAN
                                                               Assistant U.S. Attorney
                                                              (617) 748-3385

March 3, 2006